IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 AUG 16  A 9: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| GARY P. NICHOLS AND PAMELIA NICHOLS, ) | |
| PLAINTIFFS, ) | |
| VS. ) | CASE NO. 2:07CV736-MHT |
| ARTHUR ZUELZKE AND ZUELZKE ) | |
| CONTRACTING, INC., a corporation, ) | |
| DEFENDANTS. ) | DEMAND FOR JURY TRIAL |
| ) | |

## COMPLAINT

### JURISDICTIONAL AVERMENTS

1. Plaintiffs are individual resident citizens of the State of Georgia, with their permanent residence being situated at 2616 Chelsea Court, Albany, Georgia 31707.

2. Defendant Arthur Zuelzke is a resident citizen of the State of Alabama, having his residence in Chilton County, Alabama. He is the President of Zuelzke Contracting, Inc., an Alabama Corporation having its principal place of business at 478 County Road 539, Verbena, Alabama 36091.

3. The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Jurisdiction is founded upon diversity of citizenship, pursuant to 28 U.S.C. §1332.

### STATEMENT OF FACTS

5. On or about July 10, 2005, plaintiffs entered into an oral contract with defendants, under which defendants agreed to construct and/or supervise the construction of a lakeside residence for

the plaintiffs in Chilton County, Alabama, according to certain plans and specifications provided by plaintiffs.

6. In undertaking the construction of said residence, defendants impliedly assumed an obligation to construct and supervise the construction of said residence in a good and workmanlike manner and consistent with acknowledged principles of construction and supervision of same, and in accordance with various controlling codes and business practices.

7. Defendants failed to meet the obligations imposed upon them by failing to construct and supervise the construction of said residence in accordance with the contract, the plans and specifications, recognized building principles and practices, and various building codes.

8. As a proximate consequence of defendants' failure to meet their obligations, the plaintiffs' residence was poorly constructed; was delayed far beyond the projected completion date, resulting in additional and unnecessary expense to plaintiffs; kept plaintiffs from enjoyment of their property for many months; caused plaintiffs to suffer extreme mental anguish and emotional distress, humiliation and embarrassment; has caused and will in the future cause them to expend substantial extra sums of money to remedy defects and deficiencies in the work performed and supervised by defendants; plaintiffs' home has been greatly reduced in value from what it should have been if properly constructed; and plaintiffs have suffered a loss of enjoyment of their property and will continue to do so.

9. Among other things, defendants are responsible for all of the following:

(a). the siding on the exterior of the house is misaligned at most of the corners, giving the house an unsightly appearance.

(b). The footings of the residence are not the correct size, causing numerous problems with the interior and exterior of the house.

(c). The house does not properly sit on the footings, overlapping the footing on the "lake" side of the house by approximately six inches, and sitting over the foundation/footing at other locations.

(d). The plumbing was not correctly stubbed in, causing the commodes to stand out three to six inches farther from the wall than they should, giving each bathroom an odd appearance.

(e). The roof and certain other areas were not properly flashed, thereby exposing the house to leaks.

(f). As a consequence of said defective flashing, moisture is now running down some of the interior walls.

(g). The defendants caused or allowed the driveway of the residence to be placed in the only location which had been approved for the placement of the septic tank, thereby causing the authorities to reject the plans for plaintiffs' septic system. The destruction of the approved site for the septic tank caused a delay of many months in plaintiffs' ability to occupy the home and increased the cost of the septic tank system from approximately $5,000.00 to over $40,000.00.

(h). The defendants constructed a retaining wall on the property, at an extra cost of $28,000.00, without even advising or consulting with plaintiffs about same before completing it.

(i). The driveway and garage are constructed in such a way as to allow water and mud to enter the garage from the driveway.

(j). Moisture from rain intrudes into the storage room of the residence.

(k). One of more of the rooms in the house are misshapen or mis-sized.

(l). The fireplace chimney was constructed without sufficient support, creating a highly dangerous condition.

(m). Certain moldings and trim pieces are poorly fitted in numerous places.

(n). The mantel supports, which are set into the stone fireplace, do not match in appearance.

(o). The "Hardieplank" siding has numerous unsightly places on it, where caulk has been carelessly placed to conceal nail heads.

(p). The upstairs deck rail was sloppily constructed and did not meet the height requirements of the Building Code.

(q). Some cabinet doors and knobs are misaligned.

(r). The siding is poorly applied so as to show "gaps" between some of the boards, where the insulation or wall studs are visible.

(s). Painting was carelessly done in a number of areas.

(t). The mandatory relocation of the septic system caused an unsightly condition on the property and threatens the survival of some of the nearby trees.

(u). There are cracks in some of the tile and sheetrock.

(v). Several inside and outside trim pieces are defective.

(w). The roofing shingles do not overhang the eaves sufficiently in some places.

(x). Some of the outdoor electrical outlets are not covered, and other electrical outlets are not properly rated.

(y). There are several open wiring junctions around the house.

(z). The stair risers are not uniform.

## COUNT ONE

10. Plaintiffs adopt herein all the separate and several averments of paragraphs 5 through 9.

11. The defendants negligently constructed or supervised the construction of the plaintiffs' residence, as a proximate consequence of which plaintiffs have suffered the injuries and damages alleged in the Statement of Facts.

12. Plaintiffs may continue to suffer similar damages in the future, and will be caused to incur additional expenses in having said defects and deficiencies corrected.

WHEREFORE, plaintiffs demand judgment against defendants in the sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), compensatory and punitive damages, together with costs of court.

## COUNT TWO

13. Plaintiffs adopt herein all the separate and several averments of paragraphs 5 through 12.

14. The defendants wantonly constructed or supervised the construction of the plaintiffs' residence, as a proximate consequence of which plaintiffs have suffered the injuries and damages alleged in the Statement of Facts.

15. Plaintiffs may continue to suffer similar damages in the future, and will be caused to incur additional expenses in having said defects and deficiencies corrected.

WHEREFORE, plaintiffs demand judgment against defendants in the sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), compensatory and punitive damages, together with costs of court.

## COUNT THREE

16. Plaintiffs adopt herein all the separate and several averments of the separate and several paragraphs 5 through 9.

17. Defendants breached the implied duties, obligations and warranties imposed upon them by law and by the contract by failing to construct or supervise the construction of plaintiffs' residence in a good and workmanlike manner in accordance with standard and accepted building principles and codes.

18. As a proximate consequence of defendants' breach of duty and breach of contract, plaintiffs have suffered injuries and damages described in their Statement of Facts.

WHEREFORE, plaintiffs demand judgment against defendants in the sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), compensatory and punitive damages, together with costs of court.

## COUNT FOUR

19. Plaintiffs adopt herein all the separate and several averments of paragraphs 5 through 9.

20. Defendants willfully, fraudulently, recklessly, or negligently suppressed certain material facts from plaintiffs which they had a duty to disclose, as a consequence of the relationship between the parties and the superior knowledge held by defendants concerning residential construction principles and practices; said suppression including but not being limited to the fact that the footings were improperly poured, the chimney was unsafe, the flashings were inadequate, the deck railing did not meet Code specifications, there were open wiring junctions, the plumbing was placed improperly when the footings and foundation were poured, and the fact that defendants had destroyed the only proper site for the septic tank, thereby exposing plaintiffs to enormous additional expense in order to be able to occupy their residence. As a proximate consequence of the defendants' suppression of material facts which they had an obligation to communicate to plaintiffs, plaintiffs have suffered the injuries and damages described in the Statement of Facts.

WHEREFORE, plaintiffs demand judgment against defendants in the sum of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), compensatory and punitive damages, together with costs of court.

_/s/ George P. Ford_
George P. Ford
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, AL 35902
(256) 546-5432
ASB#4179-066g

Plaintiffs respectfully request trial by jury.

_/s/ George P. Ford_
George P. Ford
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, AL 35902
(256) 546-5432
ASB#4179-066g

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000156
Cashier ID: benrobi
Transaction Date: 08/16/2007
Payer Name: FORD HOWARD CORNETT PC
-----------------------------------
CIVIL FILING FEE
 For: FORD HOWARD CORNETT PC
 Case/Party: D-ALM-2-07-CV-000736-001
 Amount:         $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 14121
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

NICHOLS ET AL V. ZUELSKE
CONTRACTING
```