IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY P. NICHOLS and<br>PAMELIA NICHOLS,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARTHUR ZUELZKE and<br>ZUELZKE CONTRACTING, INC.,<br><br>    Defendants.<br><br><br>ZUELZKE CONTRACTING, INC.,<br><br>    Counterclaim Plaintiff,<br><br>vs.<br><br>GARY P. NICHOLS and<br>PAMELIA NICHOLS,<br><br>    Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:07CV736-MHT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIMS

COME NOW Defendants Arthur Zuelzke and Zuelzke Contracting, Inc., by and through the undersigned counsel, and for answer to Plaintiffs' Complaint, say as follows:

### FIRST DEFENSE

1. Defendants deny each and every allegation, matter and thing in Plaintiffs' Complaint except as admitted or qualified herein.

### ANSWER

1. Defendants are unable to admit or deny the allegations in paragraph 1 of Plaintiffs' Complaint, and they are therefore denied.

2. Admitted.

3. Defendants deny all material allegations in paragraph 3 of Plaintiffs' Complaint and demand strict proof thereof.

4. Defendants deny all material allegations in paragraph 4 of Plaintiffs' Complaint and demand strict proof thereof.

5. Defendants admit that Plaintiffs entered into an oral contract with Zuelzke Contracting, Inc. to construct and/or supervise the construction of a lakeside residence. Defendants deny that Arthur Zuelzke individually entered into a contract with Plaintiffs. Defendants deny all remaining material allegations in paragraph 5 of Plaintiffs' Complaint and demand strict proof thereof.

6. Defendants deny all material allegations in paragraph 6 of Plaintiffs' Complaint and demand strict proof thereof.

7. Defendants deny all material allegations in paragraph 7 of Plaintiffs' Complaint and demand strict proof thereof.

8. Defendants deny all material allegations in paragraph 8 of Plaintiffs' Complaint and demand strict proof thereof.

9. Defendants deny all material allegations in paragraph 9 of Plaintiffs' Complaint and demand strict proof thereof.

(a) Defendants deny all material allegations in paragraph 9(a) of Plaintiffs' Complaint and demand strict proof thereof.

(b) Defendants deny all material allegations in paragraph 9(b) of Plaintiffs' Complaint and demand strict proof thereof.

(c) Defendants deny all material allegations in paragraph 9(c) of Plaintiffs' Complaint and demand strict proof thereof.

(d)     Defendants deny all material allegations in paragraph 9(d) of Plaintiffs' Complaint and demand strict proof thereof.

(e)     Defendants deny all material allegations in paragraph 9(e) of Plaintiffs' Complaint and demand strict proof thereof.

(f)     Defendants deny all material allegations in paragraph 9(f) of Plaintiffs' Complaint and demand strict proof thereof.

(g)     Defendants deny all material allegations in paragraph 9(g) of Plaintiffs' Complaint and demand strict proof thereof.

(h)     Defendants deny all material allegations in paragraph 9(h) of Plaintiffs' Complaint and demand strict proof thereof.

(i)     Defendants deny all material allegations in paragraph 9(i) of Plaintiffs' Complaint and demand strict proof thereof.

(j)     Defendants deny all material allegations in paragraph 9(j) of Plaintiffs' Complaint and demand strict proof thereof.

(k)     Defendants deny all material allegations in paragraph 9(k) of Plaintiffs' Complaint and demand strict proof thereof.

(l)     Defendants deny all material allegations in paragraph 9(l) of Plaintiffs' Complaint and demand strict proof thereof.

(m)     Defendants deny all material allegations in paragraph 9(m) of Plaintiffs' Complaint and demand strict proof thereof.

(n)     Defendants deny all material allegations in paragraph 9(n) of Plaintiffs' Complaint and demand strict proof thereof.

(o)     Defendants deny all material allegations in paragraph 9(o) of Plaintiffs' Complaint and demand strict proof thereof.

(p)     Defendants deny all material allegations in paragraph 9(p) of Plaintiffs' Complaint and demand strict proof thereof.

(q)     Defendants deny all material allegations in paragraph 9(q) of Plaintiffs' Complaint and demand strict proof thereof.

(r)     Defendants deny all material allegations in paragraph 9(r) of Plaintiffs' Complaint and demand strict proof thereof.

(s)     Defendants deny all material allegations in paragraph 9(s) of Plaintiffs' Complaint and demand strict proof thereof.

(t)     Defendants deny all material allegations in paragraph 9(t) of Plaintiffs' Complaint and demand strict proof thereof.

(u)     Defendants deny all material allegations in paragraph 9(u) of Plaintiffs' Complaint and demand strict proof thereof.

(v)     Defendants deny all material allegations in paragraph 9(v) of Plaintiffs' Complaint and demand strict proof thereof.

(w)     Defendants deny all material allegations in paragraph 9(w) of Plaintiffs' Complaint and demand strict proof thereof.

(x)     Defendants deny all material allegations in paragraph 9(x) of Plaintiffs' Complaint and demand strict proof thereof.

(y)     Defendants deny all material allegations in paragraph 9(y) of Plaintiffs' Complaint and demand strict proof thereof.

(z)     Defendants deny all material allegations in paragraph 9(z) of Plaintiffs' Complaint and demand strict proof thereof.

## COUNT ONE

10. Defendants adopt and incorporate herein by reference their responses to paragraphs 1-9 of Plaintiffs' Complaint, as if fully set forth herein.

11. Defendants deny all material allegations contained in paragraph 11 of Plaintiffs' Complaint and demand strict proof thereof.

12. Defendants deny all material allegations contained in paragraph 12 of Plaintiffs' Complaint and demand strict proof thereof.

Defendants further deny that Plaintiffs are entitled to any judgment, damages, or relief whatsoever, including compensatory or punitive damages, or costs.

## COUNT TWO

13. Defendants adopt and incorporate herein by reference their responses to paragraphs 1-12 of Plaintiffs' Complaint, as if fully set forth herein.

14. Defendants deny all material allegations in paragraph 14 of Plaintiffs' Complaint and demand strict proof thereof.

15. Defendants deny all material allegations in paragraph 15 of Plaintiffs' Complaint and demand strict proof thereof.

Defendants further deny that Plaintiffs are entitled to any judgment, damages, or relief whatsoever, including compensatory or punitive damages, interest or costs.

## COUNT THREE

16. Defendants adopt and incorporate herein by reference their responses to paragraphs 1-15 of Plaintiffs' Complaint, as if fully set forth herein.

17. Defendants deny all material allegations in paragraph 17 of Plaintiffs' Complaint and demand strict proof thereof.

18.   Defendants deny all material allegations in paragraph 18 of Plaintiffs' Complaint and demand strict proof thereof.

Defendants further deny that Plaintiffs are entitled to any judgment, damages, or relief whatsoever, including compensatory or punitive damages, or costs.

## COUNT FOUR

19.   Defendants adopt and incorporate herein by reference their responses to paragraphs 1-18 of Plaintiffs' Complaint, as if fully set forth herein.

20.   Defendants deny all material allegations in paragraph 20 of Plaintiffs' Complaint and demand strict proof thereof.

Defendants further deny that Plaintiffs are entitled to any judgment, damages, or relief whatsoever, including compensatory or punitive damages, or costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants plead lack of jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead improper venue.

### FOURTH AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### FIFTH AFFIRMATIVE DEFENSE

Defendants plead acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead justification and/or qualified justification.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of actions against Defendants are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants plead ratification.

### NINTH AFFIRMATIVE DEFENSE

Defendants plead breach of contract.

### TENTH AFFIRMATIVE DEFENSE

Defendants plead failure of performance.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants plead laches.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead lack of cooperation.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants plead failure of consideration.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants plead illegality.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and causes of action against Defendants are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants plead lack of notice.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants plead contributory negligence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants plead assumption of the risk.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not alleged or sustained any actual damages which were caused by Defendants or for which Defendants are liable.

### TWENTIETH AFFIRMATIVE DEFENSE

In the alternative, any actual damages that Plaintiffs may have alleged or sustained are the result of acts or omissions of individuals or entities other than Defendants, and for which Defendants are not legally responsible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any actual damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants deny that they have been guilty of any conduct which entitles Plaintiffs to recover punitive damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America and/or the Constitution of the State of Alabama.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants aver that they are entitled to the benefits of and protection of Sections 6-11-20 through 6-11-30, Code of Alabama 1975, as amended.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Alabama Code § 6-11-20 (1975).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld to the extent same are in violation of Alabama Code § 6-11-21 (1975) limiting awards of punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Punitive damages are not allowed under the Complaint as plead and are due to be struck as a matter of law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of damages for mental anguish and/or emotional distress to Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America and/or the Constitution of the State of Alabama.

Defendants reserve the right amend or supplement this Answer to plead any and all additional defenses or affirmative defenses whose applicability might be subsequently revealed through discovery or otherwise.

### COUNTERCLAIMS

And now, in accordance with Rule 13 of the *Federal Rules of Civil Procedure*, Defendant Zuelzke Contracting, Inc., as Plaintiff-in-Counterclaim, brings the following Counterclaims against Gary P. Nichols and Pamelia Nichols:

### FACTS

1.  On or about July 10, 2005, Zuelzke Contracting, Inc. entered into an oral contract with Plaintiffs to construct and/or supervise the construction of a lakeside residence for Plaintiffs.

2. Zuelzke Contracting, Inc. constructed and/or supervised the construction of said residence on Plaintiffs' property.

3. Zuelzke Contracting, Inc. submitted multiple invoices to Plaintiffs on which payments were made. On March 12, 2007, Zuelzke Contracting, Inc. submitted an invoice for $48,141.11 to Plaintiffs for services rendered, labor performed, and materials furnished pursuant to the contract, as well as a balance forward from a prior invoice. Plaintiffs have yet to satisfy the March 12, 2007 invoice.

4. In July 2007, Zuelzke Contracting, Inc. made a written demand for payment of $42,240.53 by Plaintiffs for services rendered, labor performed, and materials furnished regarding Plaintiffs' septic system pursuant to the contract. Plaintiffs have failed to make payment pursuant to said written demand.

5. Plaintiffs have occupied the residence but have refused to tender payment for the total amount due.

## COUNT ONE

## BREACH OF CONTRACT

6. Zuelzke Contracting, Inc. re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

7. Zuelzke Contracting, Inc. fulfilled its contractual obligations to Plaintiffs.

8. Plaintiffs breached their contractual obligations in multiple ways, including, but not limited to, the following:

    a. failure to make timely payment to Zuelzke Contracting, Inc. for services rendered, labor performed, and materials furnished pursuant to the contract.

    b. failure to act in good faith consistent with the contract and applicable law.

WHEREFORE, Zuelzke Contracting, Inc. demands judgment in its favor against Plaintiffs for damages to be proven at trial in connection with Plaintiffs' breach of contract, plus

interest and costs, and any additional relief to which Zuelzke Contracting, Inc. may be entitled under the law.

## COUNT TWO

## MONEY DUE ON AN OPEN ACCOUNT

9. Zuelzke Contracting, Inc. re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

10. Zuelzke Contracting, Inc. agreed to construct and/or supervise construction of a lakeside residence for Plaintiffs, and Plaintiffs agreed to pay Zuelzke Contracting, Inc. for same.

11. Zuelzke Contracting, Inc. paid subcontractors, rendered valuable services, performed labor, and furnished materials, and Plaintiffs agreed to pay Zuelzke Contracting, Inc. for same.

12. Zuelzke Contracting, Inc. submitted multiple invoices to Plaintiffs, who carried a running balance on their account.

13. Zuelzke Contracting, Inc. performed its obligations with respect to said account with Plaintiffs, but Plaintiffs have failed to pay all monies due.

WHEREFORE, Zuelzke Contracting, Inc. demands judgment in its favor against Plaintiffs for $90,381.64, plus interest and costs, and any additional relief to which Zuelzke Contracting, Inc. may be entitled under the law.

## COUNT THREE

## QUANTUM MERUIT

14. Zuelzke Contracting, Inc. re-alleges and incorporates by reference each and every preceding paragraph as if fully set forth herein.

15. Plaintiffs owe Zuelzke Contracting, Inc. for payments to subcontractors, services rendered, labor performed, and materials furnished.

16. It is undisputed that Zuelzke Contracting, Inc. rendered valuable services, performed labor, and furnished materials for Plaintiffs; that Plaintiffs accepted said services, labor and materials; and that Plaintiffs benefited from said Zuelzke Contracting, Inc. rendering said services, performing said labor, and furnishing said materials.

17. Plaintiffs agreed to pay Zuelzke Contracting, Inc. for the services rendered, labor performed, and materials furnished, and Zuelzke Contracting, Inc. expected to be paid for same.

18. Zuelzke Contracting, Inc. fulfilled its obligations to Plaintiffs.

19. Although Plaintiffs agreed to pay Zuelzke Contracting, Inc. for services rendered, labor performed, and materials furnished, Plaintiffs have failed to tender the total amount owed.

WHEREFORE, Zuelzke Contracting, Inc. demands judgment in its favor against Plaintiffs for $90,381.64, plus interest and costs, and any additional relief to which Zuelzke Contracting, Inc. may be entitled under the law.

RESPECTFULLY SUBMITTED on this the 11th day of September, 2007.

/s/ WILLIAM R. CHANDLER [CHA038]
/s/ JASON D. DARNEILLE [DAR011]

ATTORNEYS FOR DEFENDANTS
ARTHUR ZUELZKE and ZUELZKE
CONTRACTING, INC.

OF COUNSEL:

2000 Interstate Park Drive
Suite 308
Montgomery, Alabama 36109
(334) 215-9500
(334) 215-9200 – Facsimile
wrc@wrchandler.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2007, I electronically filed the foregoing Answer and Counterclaims with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

George P. Ford, Esq.
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, Alabama 35902

/s/ WILLIAM R. CHANDLER [CHA038]
OF COUNSEL