IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARY P. NICHOLS AND PAMELIA NICHOLS, )

    PLAINTIFFS,                                 )

VS.                                            )
                                            CASE NO. 2:07CV736-MHT

ARTHUR ZUELZKE AND ZUELZKE     )
CONTRACTING, INC., a corporation,
                                            )
    DEFENDANTS.
                                            )

## REPLY TO COUNTERCLAIMS

Come now the Plaintiffs to the above styled action, and in Reply to the Counterclaims filed by defendant Zuelske Contracting, Inc., say:

## REPLY TO FACTUAL AVERMENTS

1. In response to paragraph 1, plaintiffs aver that the contract which is to cover the construction of the residence was made with both Arthur Zuelzke and Zuelzke Contracting, Inc.

2. Plaintiffs aver that Arthur Zuelzke, individually, and as agent for Zuelzke Contracting, Inc., supervised the construction of plaintiffs' residence.

3. Plaintiffs admit that Zuelzke Contracting, Inc. submitted invoices to plaintiffs, which plaintiffs paid from time to time. Plaintiffs aver that the invoices which are unpaid are for materials and labor allegedly performed which is in dispute

in this lawsuit.

4. Plaintiffs admit a request was made for payment of services rendered, labor performed, and materials furnished regarding plaintiffs' septic system, as alleged in paragraph 4; and aver that the cost of said septic system, over and above $5,000.00, was made necessary as a consequence of the negligence, incompetence, wantonness, and breach of contract by defendants, who destroyed and rendered unusable the site upon which plaintiffs' septic system was to be placed, thereby causing undue delay, inconvenience, expense, and a delay in plaintiffs' ability to occupy their residence.

5. Plaintiffs admit they are occupying the residence, but aver that they have paid in full, or perhaps in excess, the reasonable cost of constructing said residence.

6. Plaintiffs further aver that defendants knowingly, willfully and recklessly damaged the plaintiffs' land, added structures to plaintiffs' premises without consulting plaintiffs, and caused unnecessary and expensive delays in the construction of said residence and in the plaintiffs' ability to occupy same, for the purpose of wrongfully increasing the amounts defendants claim are due under the contract.

## REPLY TO COUNT ONE

1. Plaintiffs adopt herein all the separate and several averments of the separate and several paragraphs of their Response to Factual Averments.

2. Plaintiffs deny the averments of paragraphs 7 and 8 and demand strict proof thereof.

3. Plaintiffs deny they are indebted to defendant.

4. Plaintiffs deny defendant is entitled to the relief requested.

5. Plaintiffs deny defendant is entitled to judgment against plaintiffs.

## REPLY TO COUNT TWO

1. Plaintiffs adopt herein all the separate and several averments of the separate and several paragraphs of their Response to Factual Averments and Reply to Count One.

2. Plaintiffs are without sufficient information or knowledge to either admit or deny the averments of paragraph 11.

3. Plaintiffs admit receiving multiple invoices from Zuelzke Contracting, Inc., at least two of which are in dispute in this civil action.

4. Plaintiffs deny the averments of paragraph 13 and demand strict proof thereof.

## REPLY TO COUNT THREE

1. Plaintiffs adopt herein all the separate and several averments of the separate and several paragraphs of their prior Replies to Factual Averments and to Counts One and Two.

2. Plaintiffs deny the averments of paragraph 15 and demand strict proof thereof.

3. Plaintiffs deny the averments of paragraph 16 and demand strict proof thereof.

4. Plaintiffs deny the averments of paragraph 17, except plaintiffs agreed to pay for reasonable services rendered in accordance with the original contract, and not for services performed, labor performed, and materials furnished which were outside the contract or which were necessitated by the negligence, incompetence, and recklessness of defendants.

5. Plaintiffs deny the averments of paragraph 18 and demand strict proof thereof.

6. Plaintiffs admit they have not tendered the amount billed by Zuelzke Contracting, Inc., and aver that from a *quantum meruit* basis, plaintiffs have overpaid the defendants.

### SPECIAL DEFENSE A

Plaintiffs plead breach of contract on the part of defendants.

### SPECIAL DEFENSE B

Plaintiffs plead failure of performance on the part of defendants.

### SPECIAL DEFENSE C

Plaintiffs plead failure of consideration.

>s/George P. Ford
>George P. Ford
>Ford, Howard & Cornett, P.C.
>P.O. Box 388
>Gadsden, AL 35902
>(256) 546-5432
>ASB#4179-066g

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been filed and served upon all other parties hereto electronically with the Clerk of the Court using the CM/ECF system.

Done this the ___17th___ day of ___September___, 2007.

>S/George P. Ford
>Of Counsel

cc:   William R. Chandler, Esquire
      Jason D. Darneille, Esquire