IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARY P. NICHOLS and <br> PAMELIA NICHOLS, <br><br> Plaintiffs, <br><br> vs. <br><br> ARTHUR ZUELZKE and <br> ZUELZKE CONTRACTING, INC., <br><br> Defendants. <br><br> ZUELZKE CONTRACTING, INC., <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> GARY P. NICHOLS and <br> PAMELIA NICHOLS, <br><br> Counterclaim Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **CASE NO. 2:07cv736-MHT** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 27, 2007, via telephone. In attendance were:

George P. Ford on behalf of plaintiffs;

William R. Chandler and Jason D. Darneille on behalf of defendants.

2. Pre-Discovery Disclosures. The parties will exchange by October 30, 2007 the information required by Fed. R. Civ. P. 26(a)(1).

3.  Discovery Plan. The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the following subjects: details of the construction contract entered into between the parties; parties' performance under the contract; the identification of subcontractors and other individuals involved in the construction of the plaintiffs' residence; the identity of defendants' materials vendors; the cost of materials and labor involved in the construction project; payments made and/or owed by plaintiffs to defendants under the contract and/or otherwise; the dealings between the parties regarding the septic system to be placed on the plaintiffs' premises; the dealings between either party and any third party regarding the septic system; the alleged existence of patent and latent defects in the construction of the residence; communications between the parties concerning the project; services rendered, labor performed, and materials furnished on the project; observations and opinions of expert witnesses; the alleged cost of repair or correction of alleged defects and deficiencies in the residence; the alleged effect of any alleged non-curable defects or deficiencies on the value of the residence; emotional distress allegedly suffered by the plaintiffs; categories and extent of damages claimed by each party against the other.

Disclosure or discovery of electronically stored information may be produced either by hard copy or by disk.

The parties, at this time, do not expect any claims of privilege or of protection to be raised.

All discovery will be commenced in time to be completed by March 30, 2008.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for admissions by each party to any other party. (Responses due 30 days after service).

Maximum of 12 depositions by plaintiffs and 8 by defendants, maximum of five hours each.

Reports from retained experts under Rule 26(a)(2) due:

from plaintiff by January 15, 2008;

from defendants by February 15, 2008.

Supplementations under Rule 26(e) due by April 1, 2008.

The parties do not suggest any changes on the limitations on discovery imposed under the Rules, nor any other limitations.

The parties do not suggest any other special discovery orders be entered.

4.   Other Items.  The parties do not request a conference with the Court before entry of the scheduling order.

The parties request a final pre-trial conference in July 2008.

Plaintiffs should be allowed until October 30, 2007 to join additional parties and to amend the pleadings.

Defendants should be allowed until November 20, 2007 to join additional parties and to amend the pleadings.

All potentially dispositive motions should be filed by April 15, 2008.

At this time, settlement cannot be realistically evaluated, but counsel for the parties have seriously discussed mediation at an early date.

Final lists of trial evidence under Rule 26(a)(3) should be due: from plaintiffs and defendants:

Witnesses: 30 days prior to trial;

Exhibits: 30 days prior to trial.

Parties should have 14 days after service of final lists of evidence to list objections under Rule 26(a)(3).

The case should be ready for trial by July 20, 2008, and at this time is expected to take approximately four days.

Respectfully submitted this 2nd day of October, 2007.

/s/ George P. Ford
George P. Ford
Attorney for Plaintiffs
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, Alabama 35902
Phone: (256) 546-5432
Fax: (256) 546-5435
ASB#4179-066g


/s/ William R. Chandler
William R. Chandler
ASB#0156-H39W

/s/ Jason D. Darneille
Jason D. Darneille
ASB#9948-S65D

Attorneys for Defendants
2000 Interstate Park Drive, Suite 308
Montgomery, Alabama 36109
Phone: (334) 215-9500
Fax: (334) 215-9200